UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA A. RICHARDSON, et al.,

    Plaintiffs,

v.                                                          CASE NO. 8:18-cv-1488-T-23AEP

MERCK & CO., INC., et al.,

    Defendants.
_____/

## **ORDER**

        In this action, twenty plaintiffs allege several torts and sue (Doc. 2) Merck and a distributor of a vaccine manufactured by Merck. Four plaintiffs reside in the Tampa division of the Middle District of Florida, seven plaintiffs reside outside the Middle District of Florida, and nine plaintiffs reside in the Middle District of Florida but not in the Tampa division.

        Most of the plaintiffs received the allegedly defective vaccination outside the Tampa division of Middle District of Florida. According to the complaint, five plaintiffs were vaccinated in the Tampa division; four in the Southern District of Florida; three in the Orlando division; two in the Jacksonville division and two in the Northern District of Florida; and one each in Massachusetts, Indiana, Connecticut, and the Fort Myers division.

        Rule 20, Federal Rules of Civil Procedure, permits several plaintiffs to sue in a single action only if the plaintiffs assert a right to relief "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series

of transactions or occurrences." In a products-liability action resulting from an allegedly injurious pharmaceutical product, the decisive weight of authority prohibits several plaintiffs' suing in a single action "simply because [the plaintiffs] were injured by the same product." *Chaplin v. C.R. Bard, Inc.*, 2009 WL 10699136 at *3 (N.D. Ga. Dec. 1, 2009) (Martin, J.) (surveying the authority, which "almost uniformly reject[s]" the propriety of several plaintiffs' suing in a single action in this circumstance); *accord In re Accutane Prods. Liab. Litig.*, 2012 WL 4513339 at *1 (M.D. Fla. Sept. 20, 2012) (Moody, J.) ("The law is clear that large multi-plaintiff complaints [in a tort action over a pharmaceutical or a medical product] are improper under Rule 20(a).").

In this action, the plaintiffs allege injuries resulting from twenty distinct "transactions," "occurrences," or "series of transactions or occurrences." The plaintiffs were vaccinated at different times in different places by different practitioners and suffered different injuries. Because the plaintiffs improperly sue in a single action, the claims of each plaintiff, except Roslyn Budzinski, are **SEVERED** under Rule 21.[*]

---

[*] The plaintiffs' counsel, Carmen DiGisi, already knows that Rule 20 prohibits several plaintiffs' joining in a single action in this circumstance: Presiding judges regularly grant severance motions in actions by DeGisi. *See, e.g.*, Doc. 37 in *Erickson et al. v. Merck & Co., Inc.*, 6:17-cv-1672 (M.D. Fla. Nov. 21, 2017) (granting a motion to sever and observing that the plaintiffs' claims "involve[] individualized facts and differences with regard to liability, causation, and damages"); Doc. 20 in *Patterson et al. v. Merck & Co., Inc.*, 8:18-cv-34 (M.D. Fla. Jan. 3, 2018); Doc. 27 in *Martinez et al. v. Merck & Co., Inc.*, 8:18-cv-1192 (M.D. Fla. July 11, 2018) (severing several plaintiffs' claims and remarking that DeGisi's repeated failure to sue separately "increases the burden on courts' and clerks' offices").

The clerk is directed to open nineteen cases (one for each plaintiff except Budzinski, who remains the plaintiff in case no. 8:18-cv-1488) and to randomly assign each case to a district judge in the Tampa division. In each case, the clerk must docket the notice (Doc. 1) of removal as the first document, must docket the exhibits (Docs. 1-1 through 1-5) as attachments to the first document, must docket the complaint (Doc. 2) as the second document, and must docket this order as the third document.

No later than **AUGUST 10, 2018**, the plaintiff in each action except *Budzinski*, case no. 8:18-cv-1488 (M.D. Fla. June 20, 2018), must pay the $400 filing fee or must move for leave to proceed *in forma pauperis*. The failure either to timely pay the filing fee or to move for leave to proceed *in forma pauperis* will result in the dismissal of an action without further notice. Also, no later than **AUGUST 10, 2018**, each plaintiff (including Budzinski) must amend the complaint to omit the claims of each misjoined plaintiff.

ORDERED in Tampa, Florida, on July 17, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE